IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANNY O'NEAL THOMPSON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-353 |
| WARDEN, FCC BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Danny O'Neal Thompson, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary conviction.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Doc. #5.) As Respondent has presented information outside the pleadings, the filing will be considered as a Motion for Summary Judgment. See FED.R.CIV.P. 12(d).

Factual Background

Petitioner states that on March 14, 2020, Incident Report #3378357 was written against him. Petitioner was charged with possession of a cell phone. Petitioner appeared before the Unit Discipline Committee twice. On April 23, a hearing was held before a Discipline Hearing Officer ("DHO"). At the conclusion of the hearing, Petitioner was convicted of the offense with which he was charged. The following punishment was imposed: (a) placement in disciplinary segregation for 30 days; (b) suspension of telephone and email privileges for 90 days and (c) forfeiture of 27 days of good conduct time.

<u>The Motion for Summary Judgment</u>

Respondent asserts he is entitled to summary judgment because, *inter alia*, Petitioner failed to properly exhaust his administrative remedies. In support of this assertion, Respondent has filed the Declaration of Nancy Bobs. (Doc. #5-1.) Ms. Bobs is the executive assistant and the coordinator for the Administrative Remedy Program at the Federal Correctional Complex at Beaumont, Texas. Ms. Bobs states, in part, as follows:

> I have reviewed inmate Thompson's administrative remedy filings and discovered that as of January 12, 2022, he had attempted to exhaust his administrative remedies regarding the DHO report at issue, but had not properly fully exhausted.
>
> Inmate Thompson sent an administrative remedy request regarding the DHO report at issue to the Mid Atlantic Regional Office ("MXR") on May 28, 2020. MXR rejected this request on July 14, 2020, and listed the reason for rejection as "UTR." "UTR" indicates that the request was untimely and Regional Appeals must be received within 20 days of receipt of the DHO's decision.
>
> Inmate Thompson then attempted to send an administrative remedy request to Central Office ("BOP"). BOP received this request on July 27, 2020, and rejected it on August 19, 2020. BOP listed the reasons for rejection as "DIR" and "OTH." "OTH" indicates that there is a comment in the "Remarks" section. In this case, the remarks section instructed inmate Thompson to obtain a memo from staff indicating the late filing was not his fault and then resubmit to the level of the original rejection. In this case, the resubmission would be to MXR. Instead of following the instructions provided by BOP, inmate Thomspn again attempted to send a second administrative request to BOP without the required memo. This second request was received on August 19, 2020, and rejected on September 15, 2020, for the same reasons as the previous BOP request. Inmate Thompson was again instructed to resubmit after obtaining a memo from staff.
>
> Further review of the documents contained in the BOP's system of records reflect that there is nothing to indicate inmate Thompson submitted any further attempts at this administrative remedy after the BOP rejection on September 15, 2020. Accordingly, inmate Thompson has not exhaust his administrative remedies regarding this issue.

(Doc. #5-1, pp. 3-4.)

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."[1]  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party. " *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law. " *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case."  *Rivera*, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously.  *Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).  Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable [finder of fact] could [find in favor of] that party. *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010.  These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact."  As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

Analysis

The district court has authority to grant a writ of habeas corpus if the prisoner is in custody under the authority of the United States or if the prisoner is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c)(1), (3). Although the statute does not explicitly require prisoners to exhaust available remedies before filing a petition under Section 2241, the United States Court of Appeals for the Fifth Circuit has consistently held that a prisoner must exhaust available remedies before seeking relief under the statute. *Gallegos-Hernandez v. U.S.*, 688 F.3d 190, 194 (5th Cir. 2012); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exceptions to the exhaustion requirement apply only in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller*, 11 F.3d at 62.

As a general matter, the BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form. This must be done within 20 calendar days following the incident that is the basis for the complaint. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he must appeal to the regional director within 20 calendar days after the warden's response. 28 C.F.R. § 542.15(a). If still unsatisfied, the prisoner may appeal to the General Counsel within 30 calendar days of the regional director's decision. *Id*.

The exhaustion process applicable to disciplinary convictions is somewhat different and has only two steps. The initial appeal from a disciplinary conviction is to be submitted to the regional director. 28 C.F.R. § 542.14(d)(2). In an inmate is dissatisfied with the regional director's response, he may, within 30 calendar days of the date of the regional director's response, appeal to the general counsel. 28 C.F.R. § 542.15(a).

A prisoner does not exhaust administrative remedies by simply filing at each required step step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The competent summary judgment evidence demonstrates Petitioner did not properly exhaust his administrative remedies. His appeal to the regional director was rejected as untimely. He was instructed as to how he could show that the late filing was not his fault. Rather than attempting to do so, he filed two appeals which the general counsel rejected. As Petitioner did not exhaust his administrative remedies in a procedurally correct manner, the motion for summary judgment should be granted.

## Recommendation

Respondent's Motion for Summary Judgment should be granted and this Petition for Writ of Habeas Corpus dismissed pursuant to Federal Rule of Civil Procedure 56.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 23rd day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE